# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DEVONTA J. MONROE,          )
                               )
            Plaintiff,     )
                               )
            v.           )      1:24cv770
                               )
JAMIE ADAMS, et al.,       )
                               )
            Defendants.   )

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on the "Motion to Dismiss" (Docket Entry 17) (the "Motion") filed by Detective Jeffrey R. Cooke ("Detective Cooke") and Lieutenant Jeremy White ("Lieutenant White") (collectively, the "Defendants"). For the reasons that follow, the Court will extend the deadline for proper service upon Defendants, which should result in the denial of the Motion.

## BACKGROUND

Following his arrest in 2022 (see Docket Entry 2 (the "Complaint") at 7),[1] Devonta J. Monroe (the "Plaintiff"), acting pro se, sued Defendants (among others) for wrongfully releasing footage of his police interrogation (see id. at 7-20; see also Docket Entry 3 at 3-5 (summarizing Complaint's allegations)). The Court (per the undersigned United States Magistrate Judge) granted Plaintiff pauper status (see Docket Entry 3 at 11), ordered the

_____

    1  Docket Entry page citations utilize the CM/ECF footer's pagination.

Clerk to "send Plaintiff summonses for Defendants" (id.), and directed "Plaintiff [to] fill out the summonses, including addresses suitable for service, and then return them to the Clerk" (id.).

Plaintiff returned blank summonses (see Docket Entry 6 at 1-6) and, later, incomplete summonses (see Docket Entry 7-1 at 3, 5), after which the Court (again, per the undersigned) "g[a]ve Plaintiff one final chance to promptly return properly completed summons forms" (Text Order dated Feb. 3, 2025 (all-cap font omitted)), "including with an address suitable for service of process on [] Defendant[s]" (id.). That Text Order required the Clerk, upon Plaintiff's "timely return[ of the] properly completed summons forms, . . . [to] issue the summonses and [ ] forward them (along with any other necessary documents) to the United States Marshals Service . . . [for] service of process." (Id.)[2]

Thereafter, Plaintiff returned summons forms and the Clerk issued summonses to Defendants, both of which list 303 West Church Street, Laurinburg, NC 28352, the Laurinburg Police Department's address, see https://www.laurinburg.org/public-safety/police (last visited Feb. 4, 2026), as the service address. (See Docket Entry

_____

2 "When a plaintiff is proceeding in forma pauperis, the district court must order the U[nited] S[tates] M[arshals] S[ervice] to effect service." Scott v. Maryland State Dep't of Lab., 673 F. App'x 299, 304 (4th Cir. 2016) (citing Fed. R. Civ. P. 4(c)(3)); see also 28 U.S.C. 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases.").

2

8 at 3, 5.)  The Marshals Service hand-delivered the summonses and Complaint to a supervisor at Defendants' place of employment (<u>see</u> Docket Entry 10-1 at 1; Docket Entry 10-1 at 1) and remarked on both receipts: "Delivered to Supervisor, Asst. Chief Christopher Young, who will deliver to [Defendants] and also notify [the] city['s] attorney" (Docket Entry 10-1 at 1; <u>accord</u> Docket Entry 10-2 at 1).

Asserting lack of personal jurisdiction, insufficient process, and insufficient service of process (<u>see</u> Docket Entry 17 at 1), Defendants moved to dismiss the Complaint pursuant to Rules 12(b)(2), (4), and (5) of the Federal Rules of Civil Procedure (the "Rules") (<u>see</u> <u>id.</u>).

**<u>DISCUSSION</u>**

Defendants maintain that "the Court lacks personal jurisdiction over [them] because Plaintiff failed to comply with the requirements for serving individuals under Rule 4." (Docket Entry 18 at 2 (the "Supporting Brief").)  According to the Supporting Brief:

> The [] Rules . . . allow service of process by following the rules for service of process in the state in which the suit is filed or process is served or
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each [to an agent] authorized by appointment or by law to receive service of process.

3

Fed. R. Civ. P. 4(e)[(2)]. "Service of process cannot be effected upon [a d]efendant by serving at his place of employment individuals who are not authorized to accept service of process" on [his] behalf . . . . *Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003). "Likewise, service on a coworker[ ] is not proper service for suits against officers in their individual capacities." *Tholley v. AAA Pediatrics*, No. 1:25cv370, 2025 WL 1559154, at *2 (E.D. Va. June 2, 2025) (unpublished). Moreover, "a plaintiff may not serve a defendant in his individual capacity by leaving process at an individual defendant's place of business." *Kennedy v. Rowe*, No. 5:23cv264, 2024 WL 2703016, at *2 (E.D.N.C. May 24, 2024) [(internal quotation marks omitted)] (unpublished). In the absence of service [of] process, the Court lacks personal jurisdiction over the named defendants. *Murphy Bros v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

. . . Plaintiff must comply with the rules for serving individuals. Fed. R. Civ. P. 4(e). . . . [Lieutenant] White and [Detective] Cooke were not personally served with the summons and [C]omplaint. Copies of the summons and [C]omplaint were delivered at Defendants' place of employment and to a coworker, albeit a supervisor, not authorized by [ ] Defendant[s] to accept service of process on their behalf. *Elkins*, 213 F.R.D. at 276. Moreover, the remarks on the return of service for both [Lieutenant] White and [Detective] Cooke do not support an inference that [the supervisor] was authorized to accept service on behalf of [Defendants] in their individual capacities. Therefore, Plaintiff has failed to effectuate service of process on Defendants . . ., and his Complaint should be dismissed for insufficient service of process and lack of personal jurisdiction under Rules 12(b)(2) and (b)(5). . . .

(Id. at 2-4 (internal brackets and docket citations omitted).) Additionally, the Supporting Brief urges the Court to dismiss the Complaint under Rule 12(b)(4), contending that "Plaintiff's summonses are facially deficient because both are addressed to [Lieutenant] White and [Detective] Cooke individually at their place of business" (id. at 5), where, according to

4

Defendants, Plaintiff can effect service "[only] by personally delivering process to them" (id.).[3]

Because the Court will order Plaintiff (via the Marshals Service) to properly effect service, none of Defendants' contentions warrant dismissal, as explained below.

### A. Rule 12(b)(4) Challenge

"Motions to dismiss under Rule 12(b)(4) and Rule 12(b)(5) serve different purposes." Kernea v. City of Charlotte, No. 3:22cv659, 2023 WL 6410702, at *2 (W.D.N.C. Sept. 29, 2023). "[A] Rule 12(b)(5) motion 'challenges the mode of delivery or the lack of delivery of the summons and complaint,'" id. (brackets omitted) (quoting Wright & Miller's Federal Practice & Procedure § 1353 (3d ed. Apr. 2023 update)), whereas "a Rule 12(b)(4) motion to dismiss objects to a defect in the content of the documents served," Kennedy, 2024 WL 2703016, at *2; see also Connell v. Adams, No. 1:22cv935, 2023 WL 2914856, at *2 (M.D.N.C. Apr. 12, 2023) ("[A]

_____

3 For those same reasons, the Supporting Brief also seeks dismissal for Plaintiff's alleged "failure to comply with the Court's February 3, 2025, Text Order[, which] 'g[ave] Plaintiff one final chance to promptly return properly completed summons forms.'" (Docket Entry 18 at 4-5 (all-cap font omitted) (quoting Text Order dated Feb. 3, 2025; see id. at 5 (reasoning that including Defendants' employer's address on the summons forms "was improper" and therefore noncompliant with the Text Order "because Defendants could not properly be served [there] . . . except by personal[] deliver[y]").) That argument, however, "challeng[es] the manner or sufficiency of service of process," Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996), rather than Plaintiff's compliance with the Text Order and, as such, is better considered under Rule 12(b)(5), see id., as detailed herein.

typical Rule 12(b)(4) challenge alleges that the entity named in the summons is different from the entity named in the complaint." (citation and internal quotation marks omitted)).

Here, in objecting to the inclusion of their employer's address in the summonses on the theory that "[they] could not properly be served [there] . . . except by personal[] deliver[y]" (Docket Entry 18 at 5), Defendants "confuse[ ] . . . the form of the process . . . [with] the manner or method by which it is served," <u>Stewart v. Virginia Commw. Univ.</u>, No. 3:09cv738, 2011 WL 1827735, at *2 (E.D. Va. May 12, 2011) (internal quotation marks omitted).[4] As such, Defendants' true objection lies not in the "content of the summons[es but] . . . the mode of delivery," <u>Wright & Miller's Federal Practice & Procedure</u> § 1353 (4th ed. Sept. 2025 update) (footnote omitted), and thus "Rule 12(b)(5) [remains] the proper vehicle for [Defendants'] challeng[e]," <u>id.</u>

### B. Rule 12(b)(5) & (2) Challenges

Rather than challenge the substance of process, "[a] motion under Rule 12(b)(5) . . . challeng[es] the manner or sufficiency of service of process." <u>Plant Genetic Sys., N.V. v. Ciba Seeds</u>, 933 F. Supp. 519, 526 (M.D.N.C. 1996). Rule 12(b)(2) and (5) challenges often go hand-in-hand because, "[b]efore a federal court

---

4    Moreover, Plaintiff's options for effecting service at Defendants' place of employment extend beyond "personal[] deliver[y]" (Docket Entry 18 at 5) and include, pursuant to Rule 4(e)(1), "registered or certified mail," N.C. R. Civ. P. 4(j)(1)(c), as explained herein.

may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." _Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co._, 484 U.S. 97, 104 (1987); _see also Hawkins v. i-TV Digitalis Tavkozlesi zrt._, 935 F.3d 211, 228 (4th Cir. 2019) (identifying "fundamental[]" dictate that "[p]ersonal jurisdiction requires valid service of process that comports with due process").[5]

Defendants' Supporting Brief seeks dismissal due to allegedly improper service of process. (_See_ Docket Entry 18 at 2-4.) In that regard, the Supporting Brief details that, rather than serve Defendants through one of the methods prescribed by Rule 4(e), Plaintiff attempted to effect service (through the Marshals Service) by leaving a copy of the summonses and Complaint with Defendants' supervisor, who Defendants maintain was "not authorized . . . to accept service of process on their behalf." (_Id._ at 4.) That circumstance, in Defendants' view, warrants dismissal under Rules 12(b)(2) and (5). (_Id._)[6]

---

5    The Supporting Brief's Rule 12(b)(2) argument rests entirely on Defendants' alleged failure to receive proper service of process. (_See_ Docket Entry 18 at 4.)

6    Although the Supporting Brief does not address whether Plaintiff's method of service "follow[ed] state law," Fed. R. Civ. P. 4(e)(1), "North Carolina does not allow for service on an employee's supervisor to constitute proper service in the absence of that supervisor being an authorized agent," _Warren v. McGeough_, No. 1:13cv1144, 2015 WL 1795000 (M.D.N.C. Apr. 16, 2015); _see also_ N.C. R. Civ. P. 4(j) (providing for service by delivery of summons and complaint to the defendant (A) personally or at his dwelling; (continued...)

7

"[T]he technical requirements of service should be construed liberally as long as the defendant had actual notice of the pending suit." Elkins, 213 F.R.D. at 275. But "the [R]ules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco Inc. v. Penrod Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984) (footnote omitted). To that end, although "[s]ervice of process is not freestyle, and courts are directed not to overlook procedural deficiencies just because actual notice occurred," Shaver v. Cooleemee Volunteer Fire Dep't, No. 1:07cv175, 2008 WL 942560, at *2 (M.D.N.C. Apr. 7, 2008), "[d]ismissal under Rule 12(b)(5) is not justified where it appears that service can be properly made," Plant Genetic, 933 F. Supp. at 527 (internal quotation marks omitted); see also Gregory v. U.S./U.S. Bankr. Ct. for Dist. of Colo., 942 F.2d 1498, 1500 (10th Cir. 1991) (noting "general rule [ ] that when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant" (internal quotation marks omitted)).

"[D]ismissal of a civil action for [inadequate service of process] is inappropriate unless otherwise a party's rights would

---

6(...continued)
(B) via authorized agent; (C) via registered or certified mail; (D) via authorized delivery service; or (E) via signature-confirmed mail).

be seriously prejudiced or no reasonably conceivable means of acquiring jurisdiction over the defendant remains." <u>Miree v. United States</u>, 490 F. Supp. 768, 776 (N.D. Ga. 1980). Here, Defendants do not maintain that delivery of the summonses and Complaint to their supervisor prejudiced them or deprived them of notice, or that no means exist for obtaining jurisdiction over them. (<u>See</u> Docket Entry 18 at 2-5.) Therefore, Plaintiff's technically inadequate attempt at service does not warrant dismissal under Rule 12(b)(2) or (5), particularly because (I) Plaintiff proceeds pro se and relies on the Marshals Service for service of process[7] and (ii) Defendants suffered no apparent prejudice. Instead, the Court (per the undersigned) will exercise its "discretion [under Rule 4(m)] to grant [ P]laintiff an extension of time to serve [ D]efendant[s] with the [C]omplaint and summons[es]. . . ." <u>Gelin v. Shuman</u>, 35 F.4th 212, 220 (4th Cir. 2022); <u>see also</u> Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the Court . . . must dismiss the action . . . or order that service be made within a specified time.").

---

    7    The Fourth Circuit has "suggested that where an in forma pauperis plaintiff, like [Plaintiff], has no control over the delay in service of process by the Marshals Service, that delay constitutes good cause requiring a Rule 4(m) extension." <u>McGraw v. Gore</u>, 31 F.4th 844, 852 (4th Cir. 2022) (italics and internal quotation marks omitted); <u>see also</u> <u>Moore v. Agency for Int'l Dev.</u>, 994 F.2d 874, 876 (D.C. Cir. 1993) ("Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings.").

## CONCLUSION

The technical non-compliance with the method of service warrants correction, not dismissal.

**IT IS THEREFORE RECOMMENDED** that the Motion (Docket Entry 17) be denied.

**IT IS FURTHER ORDERED** that:

(1) Plaintiff shall have until March 6, 2026, to effect proper service of process on Defendants;

(2) The Clerk of Court shall promptly re-issue and forward the summonses (see Docket Entry 8 at 3-6) and any other necessary documents to the Marshals Service for service of process on Defendants; and

(3) The Marshals Service shall promptly mail copies of the summonses and Complaint via certified mail, return receipt requested, to Lieutenant White and Detective Cooke at their place of employment.[8]

This 4th day of February, 2026.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

---

[8] As noted above, North Carolina allows for service of process by certified mail, see N.C. R. Civ. P. 4(j)(1)(c), rendering that method (including when addressed to Defendants' workplace) appropriate under Rule 4(e)(1), see Moore v. Cox, 341 F. Supp. 2d 570, 573 (M.D.N.C. 2004) ("[M]ail[ing] . . . the suit papers to a defendant's place of employment is within the [state law] rule.").

10