IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DEVONTA J. MONROE,                    )
                                      )
            Plaintiff,                )
                                      )
      v.                              )        1:24CV770
                                      )
JAMIE ADAMS, et al.,                  )
                                      )
            Defendants.               )

## ORDER

On February 4, 2026, the United States Magistrate Judge's Order and Recommendation was filed and notice was served on the parties in accordance with 28 U.S.C. § 636(b). (Docs. 22, 23.) Objections were filed within the time limits prescribed by § 636. (Doc. 26.) Of Defendants' objections, two warrant discussion.

First, Defendants object to the Order and Recommendation because, they argue, the court cannot extend the time for Plaintiff Devonta J. Monroe to properly serve them. (Doc. 26 at 7-8.) Specifically, Defendants contend that binding Fourth Circuit precedent requires dismissal because Monroe has not shown good cause for his failure to timely serve. (Id. (citing Attkisson v. Holder, 925 F.3d 606, 627 (4th Cir. 2019)).)

In Attkisson, the court noted – with no further analysis – that "Rule 4(m) requires the dismissal of defendants who remain unserved ninety days after the filing of a complaint unless 'the plaintiff shows good cause.'" Attkisson, 925 F.3d at 627 (quoting

Fed. R. Civ. P. 4(m)).  However, in Gelin v. Shuman, the Fourth Circuit extensively discussed both the plain text of Rule 4(m) and the Supreme Court's recognition that – because of the 1993 amendments to the Rules - "courts ha[d] been accorded discretion to enlarge the [time] period 'even if there is no good cause shown.'"  Gelin v. Shuman, 35 F.4th 212, 219 (4th Cir. 2022) (emphasis and alterations in original) (quoting Henderson v. United States, 517 U.S. 654, 662 (1996)).  Accordingly, the court held "that under Rule 4(m), a district court possesses discretion to grant the plaintiff an extension of time to serve a defendant . . . even absent a showing of good cause by the plaintiff for failing to serve the defendant during the 90-day period provided by the Rule."  Id. at 220.

As Defendants correctly assert, "[w]hen published panel opinions are in direct conflict on a given issue, the earliest opinion controls."  McMellon v. United States, 387 F.3d 329, 333 (4th Cir. 2004) (en banc).  But the court in Attkisson applied Fourth Circuit precedent without considering the effect of intervening amendments to the Federal Rules of Civil Procedure or precedent from the Supreme Court of the United States.  See Mendez v. Elliot, 45 F.3d 75, 78 (4th Cir. 1995) ("Rule 4(m) requires that if the complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause.").  In Gelin, on the other hand, the court explained at

length how the requirement to dismiss a complaint absent a showing of good cause had been abrogated.  <u>See</u> 35 F.4th at 218-20. Specifically, the court stated: "Now, however, we bring our jurisprudence on this issue in line with <u>Henderson</u> and confirm that the statements in <u>Mendez</u> indicating that a plaintiff must establish good cause to obtain an extension of time to serve the defendant are <u>no longer good law</u>."  <u>Id.</u> at 219-20 (emphasis added). And notably, the same circuit judge authored both <u>Mendez</u>, articulating the old requirement, and <u>Gelin</u>, announcing its abrogation.  Thus, <u>Gelin</u>'s interpretation of the discretion afforded district courts under Rule 4(m) controls.

Second, Defendants object to the Text Orders from January 22, 2025, and February 3, 2025, because they did not require "that service be made within a specified time."  (Doc. 26 at 9-10 (quoting Fed. R. Civ. P. 4(m)).)  Defendants argue that, although both orders required Monroe to provide properly completed summons forms to the clerk's office by a deadline, the orders did not set a subsequent deadline for when the United States Marshals Service had to complete service of process.  (<u>Id.</u> at 11.)  Thus, according to Defendants, the Text Orders awarded relief not available pursuant to Rule 4(m), the court therefore never extended Monroe's time to serve Defendants, and Monroe failed to properly serve Defendants within the original 90-day deadline established by the Magistrate Judge's order on October 31, 2024.  (<u>Id.</u>; <u>see</u> Doc. 3.)

3

Regardless of the propriety of the prior Text Orders, this court will now, as an exercise of its discretion under Gelin, extend the time for service to require that Monroe deliver properly completed summons forms to the clerk's office by **April 10, 2026,** and that Monroe effect service of process on Defendants by **April 27, 2026.**[1]

The court, having appropriately reviewed the portions of the Magistrate Judge's report to which objections were made and having made a de novo determination in accord with the Magistrate Judge's report, therefore adopts the Magistrate Judge's Recommendation.[2]

For the reasons stated,

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (Doc. 17) is DENIED.

IT IS FURTHER ORDERED that:

(1) Plaintiff Monroe shall have until **April 27, 2026,** to effect proper service of process on Defendants;

---

[1] The Magistrate Judge's Order and Recommendation set a deadline of March 6, 2026, for Monroe to effect proper service of process on Defendants. This deadline has now passed, and so the court will grant Monroe additional time.

[2] Defendants assert that even if good cause is not required for an extension of time, the excusable neglect standard cabins the court's discretion in granting such an extension. (Doc. 26 at 17-18 (citing Bolus v. Fleetwood RV, Inc., 308 F.R.D. 152, 156 (M.D.N.C. 2015)).) To the extent such a requirement exists, the court finds excusable neglect on Monroe's part, given his in forma pauperis pro se status and efforts so far in this litigation. But see generally Gelin, 35 F.4th 212 (never discussing excusable neglect).

(2)  The Clerk of Court shall promptly re-issue and forward the summonses (see Doc. 8 at 3-6) and any other necessary documents to the United States Marshals Service for service of process on Defendants; and

(3)  The United States Marshals Service shall promptly mail copies of the summonses and complaint via certified mail, return receipt requested, to Lieutenant White and Detective Cooke at their place of employment.

/s/   Thomas D. Schroeder
United States District Judge

March 30, 2026