IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DEVONTA J. MONROE,                    )
                                      )
            Plaintiff,                )
                                      )
      v.                              )      1:24CV770
                                      )
JAMIE ADAMS et al.,                   )
                                      )
            Defendants.               )

## ORDER

On February 9, 2026, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties in accordance with 28 U.S.C. § 636(b).  (Docs. 24, 25.)  Defendant Jamie Adams filed objections within the time limits prescribed by section 636.  (Doc. 27.)

The court has appropriately reviewed the portions of the Magistrate Judge's report to which objections were made and has made a de novo determination in accord with the Magistrate Judge's report.

In overruling Adams's objections, the court notes two relevant statements within the complaint and its attachments. First, the complaint includes the allegation, "Lt. Det. J. White simply implied that '(ADA) Jamie Adams leaked the video.'"  (Doc. 2 at 9.)  Second, an attachment to the complaint, entitled "Declaration of Devonta Monroe," included the statement "Lt. J.

White implied/stated '[i]t had to be the DA's office.  As we had been passed it on.'"  (Id. at 19.)

Adams urges that the two statements conflict and that this court should disregard the former statement and consider only the latter.  (Doc. 27 at 6 (citing S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC, 713 F.3d 175, 182 (4th Cir. 2013), for the proposition that "an exhibit to the complaint prevails when it conflicts with the allegations of a complaint").) And the latter statement, which references only "the DA's office," is insufficient to trace Monroe's asserted injury to Defendant Adams.  (Id. at 6-8.)

Rather than treat the statements as conflicting, the court – drawing all inferences in favor of Monroe as the non-moving party, Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997), and liberally construing these materials as is appropriate given his pro se status, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) – reads the statements in tandem.  In doing so, the court finds a plausible understanding of the assertions is that Detective White made clear to Monroe that Assistant District Attorney Adams leaked the video.  The court therefore adopts the Magistrate Judge's Recommendation.

2

IT IS THEREFORE ORDERED that Defendant Adams's motion to dismiss for lack of jurisdiction (Doc. 13) is DENIED.

/s/ Thomas D. Schroeder
United States District Judge

March 30, 2026